# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ANDRE REESE | CASE NO.: 10-CR-0189 (3-CR-00131) |
| Defendant-Petitioner, | JUDGE DONALD C. NUGENT |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM OPINION AND ORDER |
| Plaintiff-Respondent. | |

This matter is before the Court upon a Petition for Reconsideration and Rehearing filed by Defendant, Andre Reese. (ECF #224). Mr. Reese, citing 18 U.S.C. § 3621(b)(5) as the basis for his motion, is asking that the Court recommend to the Bureau of Prisons (hereafter BOP) that he receive a placement for a term of twelve months in a residential reentry center or halfway house for the final portion of his sentence. For the reasons more fully set forth herein, this Court DENIES Mr. Reese's Petition for Reconsideration and Rehearing. (ECF 224).

## FACTUAL AND PROCEDURAL HISTORY

In Case No. 10-CR-189, Mr. Reese pled guilty and was sentenced to 116 months of imprisonment for conspiracy to commit bank and wire fraud and aggravated identify theft. At that

time, Mr. Reese was on supervised release in Case No. 03-CR-131. As a result of his guilty plea, he was found to have violated his supervised release, and was sentenced to a 12-month consecutive sentence. According to records from the Bureau of Prison, Mr. Reese is scheduled to be released on August 20, 2019.

On May 8, 2017 Reese filed a Petition for Judicial Recommendation citing 18 U.S.C. § 3621(5) which states:

> (b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse. Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

The United States of America, by and through counsel, filed a Response in Opposition to the Petition for Judicial Recommendation on May 11, 2017. (ECF 223). The Court declined to provide a Judicial Recommendation. In response, on May 30, 2017, Mr. Reese filed a Petition for Reconsideration and Rehearing. (ECF 224).

# ANALYSIS

Mr. Reese is correct in asking the Court for a recommendation and not a modification to its Judgment and Conviction Order. 18 U.S.C. § 3582(c) provides a district court with jurisdiction to modify or amend that order only under limited circumstances:

> (c) Modification of an Imposed Term of Imprisonment. - The court may not modify a term of imprisonment once it has been imposed except that -
> 
> (1) in any case -
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that -
> >
> > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > >
> > > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
> >
> > (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or

3

> on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)

None of these conditions for modification is satisfied. Subsection (c)(1)(B) is inapplicable because the present motion was not a proceeding under Rule 35. Subsection (c)(2) is also inapplicable because Defendant's request does not involve the lowering of a sentencing range by the Sentencing Commission. Subsection (c)(1)(A) is not satisfied because there was no motion brought by the Director of the Bureau of Prisons. Accordingly, the Court lacks the power to grant the Defendant the relief of a modification to its Judgment and Conviction Order.

Mr. Reese, in citing 18 U.S.C. § 3621(5), is petitioning this Court to make a recommendation or request to the BOP, which would have no binding effect. While the Court may make a recommendation in this case, it declines to do so. The BOP has exclusive statutory authority over a prisoner's place of imprisonment. 18 U.S.C. § 3621(b). Furthermore, the BOP, not the courts, has the authority to place prisoners in a halfway house and the sole discretion in deciding whether to do so, and for how long. 18 U.S.C. § 3624(c)(1); *see also Hernandez v. F.C.I. Elkton Farley*, No. 4:12 CV 1052, 2013 WL 868632, at *2 (N.D. Ohio Mar. 7, 2013). The BOP is in the best position to determine the proper placement of that defendant and for that reason the Court declines to provide the relief the Defendant seeks.

## CONCLUSION

The Court has reviewed both of Mr. Reese's Petitions as well as the Government's Response and declines to provide the relief the Defendant seeks. Defendant is entitled to no relief under § 3621(b)(5), and for the reasons set forth above, Defendant's Petition for Reconsideration and Rehearing (ECF 224) is DISMISSED.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: July 11, 2017